# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ANTHONY A. WILLIAMS,

    Petitioner,

v.                                                  Case No. 3:18-cv-1403-J-32JBT

MICHAEL BOSSEN,
et. al.,

    Respondents.

## ORDER

Plaintiff Anthony A. Williams initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint) pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names as Defendants Michael Bossen, Esquire; Judge Charles W. Arnold, Fourth Judicial Circuit; Angela B. Corey, Esquire; R. W. Cook, a police officer; B.L. Hollins, a narcotics detective; and Everett Williams.

Plaintiff's Complaint is not a model of clarity, and the nature of his claim is unclear. He states that he brings the action for violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments resulting from "slander, false imprisonment," and "mental anguish." Doc. 1 at 5-6. However, Plaintiff also appears to challenge the effectiveness of his trial or appellate attorney. See id. at 5. As relief, Plaintiff seeks "8 million" for "count 1" through "count 4" and "2 million" for "count 5." Doc. 1 at 6 However, Plaintiff does not allege the nature of these "counts" or provide factual support. Further, upon review of the Corrections Offender Network website, it appears

that Plaintiff was released from the Florida Department of Corrections' custody on November 22, 2018.[1]

Insofar as Plaintiff challenges the constitutionality of his underlying conviction or the duration of his confinement, those claims should be raised in a habeas corpus petition. However, because Plaintiff has been released from prison, Plaintiff should know that he must satisfy the "in custody" requirement of 28 U.S.C. § 2254 to file a habeas petition. See Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015) (holding the "in custody" requirement is jurisdictional and requires the state to exercise some control over petitioner).

Additionally, liberally construing Plaintiff's allegations as being properly raised pursuant to § 1983, it appears that Plaintiff's claims are barred by Florida's four-year statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); see Owens v. Okure, 488 U.S. 235, 249-50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). In Florida, "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries." Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (citations omitted); see Ealy v. GEO Grp., Inc., 667 F. App'x 739, 740 (11th Cir. 2016)

---

[1] See http://www.dc.state.fl.us/offenderSearch/detail.

2

("This Court has on several occasions applied the four-year residual limitations period under Florida's personal injury statute, Florida Statutes § 95.11(3)(p), to 42 U.S.C. § 1983 claims."); Van Poyck v. McCollum, 646 F.3d 865, 867 (11th Cir. 2011) (recognizing that a § 1983 claim is subject to Florida's four-year personal injury statute of limitations); City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." (citations omitted)). Plaintiff asserts that the events giving rise to his claims occurred on September 12, 2008. See Doc. 1 at 6. He filed this case more than ten years later. His § 1983 claims are untimely.

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of December, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Anthony A. Williams

3